# EXHIBIT A

FROST & ZEFF
BY: GREGG L. ZEFF, ESQUIRE
ID #52648
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106-1492
(215) 351-3333            Attorneys for Plaintiffs

|  |  |
|---|---|
| MARGARET P. TOURTELLOTTE, <br> 414 Payton Avenue <br> Haddonfield, NJ 08033, <br> and <br> KARLA KREIGER <br> 610 Talamini Road <br> Bridgewater, NJ 08807 <br> and <br> ASHLEY C. HISER <br> 4707 Mansion Street <br> Philadelphia, PA 19127 <br> and <br> ANA V. REYES <br> 9620 Convent Avenue <br> Philadelphia, PA 19114 <br> and <br> JENNIFER A. KOVER <br> 144 William Feather Drive <br> Voorhees, NJ 08043 <br><br>            Plaintiff, <br><br> v. <br><br> ELI LILLY AND COMPANY <br> Eli Lilly Corporate Center, <br> Indianapolis, IN 46285, <br><br> And <br><br> Timothy Rowland <br> 1009 Regency Circle <br> Blue Bell, PA 19422 <br>            Defendants. | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br><br> Attn: Joe Pettygrove <br><br> Fax # 317-237-8478 <br><br><br> December Term 2008 <br><br> No. 5217 <br><br> JURY TRIAL DEMANDED <br><br><br> CIVIL ACTION - COMPLAINT |

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

(A) Philadelphia Bar Association, Lawyer Referral and Information Service, One Reading Center, Philadelphia, Pennsylvania 19107.

Telephone: (215) 238 1701

"AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

(B) Asociación De Licenciados De Filadelfia, Servicio De Referencia E Información Legal, One Reading Center, Filadelfia, Pennsylvania 19107; Teléfono: (215) 238-1701.

## PRAECIPE TO REINSTATE COMPLAINT

### TO THE PROTHONOTARY:

Kindly reinstate the complaint in the above-captioned matter.

                    FROST & ZEFF
                    Attorneys for Plaintiff

            BY: _s/Gregg L. Zeff_
                  GREGG L. ZEFF

Dated: January 27, 2009

Case ID: 081203217

FROST & ZEFF
BY: GREGG L. ZEFF, ESQUIRE
ID #52648
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106-1492
(215) 351-3333

Attorneys for Plaintiffs



MARGARET P. TOURTELLOTTE,
414 Payton Avenue
Haddonfield, NJ 08033,
   and
KARLA KREIGER
610 Talamini Road
Bridgewater, NJ 08807
   and
ASHLEY C. HISER
4707 Mansion Street
Philadelphia, PA 19127
   and
ANA V. REYES
9620 Convent Avenue
Philadelphia, PA 19114
   and
JENNIFER A. KOVER
144 William Feather Drive
Voorhees, NJ 08043

          Plaintiff,

v.

ELI LILLY AND COMPANY
Eli Lilly Corporate Center,
Indianapolis, IN 46285,

       And

Timothy Rowland
1009 Regency Circle
Blue Bell, PA   19422
          Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

December Term 2008

No. 3217

JURY TRIAL DEMANDED



Case ID: 081203217

# Fax

*Lilly*

Eli Lilly and Company
Lilly Corporate Center
Indianapolis, Indiana 46285
U.S.A.

To: Susan Kline for Craig Borowski

| | | |
|---|---|---|
| Company: | Baker & Daniels | From: Sandy Sommers |
| Fax: | 317.237.1000 | Fax: (317) 433-6610 |
| Phone: | | Phone: (317) 276-6620 |
| Date: | February 2, 2009 | |

Total Pages (*including cover sheet*): 39

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM OR ENTITY
TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS
PRIVILEGED, SUBJECT TO COPYRIGHT, AND EXEMPT FROM
DISCLOSURE UNDER APPLICABLE LAW

*If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is prohibited. If you have received this communication in error, please notify us immediately by telephone (collect) so that we can arrange for its return at our expense. Receipt by anyone other than the intended recipient is not a waiver of any legal right or privilege including attorney-client or work-product privilege. Thank you for your assistance and cooperation.*

Answers That Matter.

Frost & Zeff
Attorneys at Law

Pier Five at Penn's Landing
Columbus Boulevard, Philadelphia, PA 19106

Eli Lilly and Company
Eli Lilly Corporate Center
Indianapolis, IN 46285

7001 1940 0001 0877 8669

FIRST CLASS MAIL

UNITED STATES POSTAGE
$ 006.75⁰
PITNEY BOWES
02 1P
0003115773 JAN 29 2009
MAILED FROM ZIP CODE 19106

1043

FROST & ZEFF
BY: GREGG L. ZEFF, ESQUIRE
ID #52648
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106-1492
(215) 351-3333

Attorneys for Plaintiffs

FEB 2 2009 SJS
by US mail

| | |
|---|---|
| MARGARET P. TOURTELLOTTE,<br>414 Payton Avenue<br>Haddonfield, NJ 08033,<br>and<br>KARLA KREIGER<br>610 Talamini Road<br>Bridgewater, NJ 08807<br>and<br>ASHLEY C. HISER<br>4707 Mansion Street<br>Philadelphia, PA 19127<br>and<br>ANA V. REYES<br>9620 Convent Avenue<br>Philadelphia, PA 19114<br>and<br>JENNIFER A. KOVER<br>144 William Feather Drive<br>Voorhees, NJ 08043<br><br>                Plaintiff,<br>v.<br><br>ELI LILLY AND COMPANY<br>Eli Lilly Corporate Center,<br>Indianapolis, IN 46285,<br><br>                And<br><br>Timothy Rowland<br>1009 Regency Circle<br>Blue Bell, PA 19422<br>                Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br><br><br><br><br>December Term 2008<br><br>No. 3217<br><br>JURY TRIAL DEMANDED<br><br><br><br>CIVIL ACTION - COMPLAINT |

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

(A) Philadelphia Bar Association, Lawyer Referral and Information Service, One Reading Center, Philadelphia, Pennsylvania 19107.

Telephone: (215) 238-1701

"AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo a partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

(B) Asociación De Licenciados De Filadelfia. Servicio De Referencia E Información Legal, One Reading Center, Filadelfia, Pennsylvania 19107; Teléfono: (215) 238-1701.

FROST & ZEFF
BY: GREGG L. ZEFF, ESQUIRE
ID #52648
Pier 5 at Penn's Landing
7 North Columbus Boulevard
Philadelphia, PA 19106-1492
(215) 351-3333                          Attorneys for Plaintiffs

MARGARET P. TOURTELLOTTE,       :    COURT OF COMMON PLEAS
414 Payton Avenue               :    PHILADELPHIA COUNTY
Haddonfield, NJ 08033,          :
    and                         :
KARLA KREIGER                   :
610 Talamini Road               :
Bridgewater, NJ 08807           :
    and                         :
ASHLEY C. HISER                 :
4707 Mansion Street             :
Philadelphia, PA 19127          :
    and                         :
ANA V. REYES                    :
9620 Convent Avenue             :
Philadelphia, PA 19114          :
    and                         :
JENNIFER A. KOVER               :
144 William Feather Drive       :
Voorhees, NJ 08043              :
                                :
             Plaintiff,         :    December Term 2008
                                :
v.                              :    No. 3217
                                :
ELI LILLY AND COMPANY           :
Eli Lilly Corporate Center,     :    JURY TRIAL DEMANDED
Indianapolis, IN 46285,         :
                                :
        And                     :
                                :
Timothy Rowland                 :
1009 Regency Circle             :    CIVIL ACTION - COMPLAINT
Blue Bell, PA 19422             :
             Defendants.        :

433 6610   Eli Lilly                                            02 57 05 p m   02-02-2009        5 /39

Plaintiffs, Margaret P. Tourtellotte, Karla Kreiger, Ashsley Hiser, Ana Reyes and Jennifer Kover by way of Complaint against Defendants Eli Lilly and Company and Timothy Rowland, says that:

## PARTIES

1. Plaintiff Margaret P. Tourtellotte is an adult individual citizen of the State of New Jersey residing therein at 414 Payton Avenue, Haddonfield, NJ 08033.

2. Plaintiff Karla Kreiger is an adult individual citizen of the State of New Jersey residing therein at 610 Talamini Road, Bridgewater, NJ 08807.

3. Plaintiff Ashley C. Hiser is an adult individual citizen of the State of Pennsylvania residing therein at 4707 Mansion Street, Philadelphia, PA 19127.

4. Plaintiff Ana V. Reyes is an adult individual citizen of the State of Pennsylvania residing therein at 9620 Convent Avenue, Philadelphia, PA 19114.

5. Plaintiff Jennifer A. Kover is an adult individual citizen of the State of Pennsylvania residing therein at 144 William Feather Drive, Voorhees, NJ 08043.

6. Defendant Eli Lilly and Company, ("Defendant Lilly") is a business with a principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285 and who does regular, substantial and continuous business in Philadelphia, Pennsylvania.

7. Defendant, Timothy Rowland ("Rowland"), is an employee of Defendant Lilly and former supervisor of all Plaintiffs.

## JOINT FACTS AS TO ALL PLAINTIFFS

8. The following joint facts as to all Plaintiffs include incidents witnessed directly by at least one Plaintiff, but know to all Plaintiffs.

9. Defendant Lilly is the employer of all Plaintiffs as "employer" is defined by 42 USC §

2000(e) et seq.

10. Plaintiff Krieger has timely filed her complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a Right to Sue Letter.

11. Plaintiff Reyes has timely filed her complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a Right to Sue Letter.

12. Plaintiff Tourtellotte has timely filed her complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a Right to Sue Letter.

13. Plaintiff Hiser has timely filed her complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a Right to Sue Letter.

14. Plaintiffs collectively all worked on the same sales team and reported directly to Defendant Rowland.

15. In or about December 2006, Plaintiffs' district sales manager was replaced by Timothy Rowland.

16. Defendant Rowland became Plaintiffs' supervisor in January of 2007.

17. In Rowland's first sales meeting in January of 2007, he stated that he "loved" women and majored in home economics so that he could be around them all of the time. He also stated that he was a "hugger" and hugged Plaintiff Tourtellotte.

18. Defendant Lilly has a policy to reimburse nursing mothers up to $100 a day for childcare related expenses when they travel.

3

19. Rowland treated Plaintiffs differently than their male colleagues even though they in many cases worked on the same accounts together and produced identical performance numbers.

20. Rowland often sent late night e-mails about work to Plaintiff Tourtellotte. The e-mails caused Plaintiff undue stress and tension. Plaintiff Tourtellotte, who was nursing her child at this time, stopped reading the e-mails because the stress was reducing her milk production.

21. Rowland gave several of Plaintiffs' male partners better evaluations than Plaintiffs.

22. During a work meeting at which another nursing mother was present, Rowland made an inappropriate comment about breast-feeding.

23. Rowland made disparaging remarks comments regarding Plaintiffs' sex, including, "pretty red-headed Lilly rep", "Ditzy Witzy Maggie", in reference to Plaintiff Tourtellotte and another female sales rep. Other comments included "Let's get the pretty girls to pick something out". Rowland would also use the term "Barbie dolls" to refer to female sales representatives and would sometimes lisp while speaking and pretend to act in a femine way.

24. Rowland would tell Plaintiffs that they would have to work harder than others to prove to him that they knew particular things about their jobs.

25. In June 2007, while several Plaintiffs and their co-workers attended a team function at the Tiki Bar in Long Branch, New Jersey, Rowland took his shirt off to show a female co-worker his muscles. He also purchased drinks for a stripper, who allowed a male co-worker to drink the shots from her body.

26. Several Plaintiffs have observed Rowland engaging in improper sexually explicit conduct

4

while at a Lilly function.

27. Plaintiffs observed Rowland treat women employees differently than their male counterparts in training, performance evaluations, and in meetings.

### FACTS AS TO PLAINTIFF TOURTELLOTTE

28. Plaintiff Tourtellotte incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

29. Plaintiff Tourtellotte is a 39-year-old female.

30. Plaintiff Tourtellotte was employed as a sales representative by Defendant Lilly.

31. Plaintiff Tourtellotte began working for Defendant as a sales representative on or about March 8, 2004 and was terminated on January 8, 2008.

32. Initially, Plaintiff Tourtellotte reported to Defendant's offices in Conshohocken, Pennsylvania. When that office closed, Plaintiff Tourtellotte reported to her district sales manager who in turn reports to the Corporate Center in Indianapolis, Indiana.

33. From March 2004 until December 2006, Plaintiff Tourtellotte reported to district sales manager Chris Hudson. Plaintiff Tourtellotte generally received good performance reviews, which improved as she gained experience. Throughout the course of her employment with Defendant, Plaintiff Tourtellotte has always performed her job at least satisfactorily, and has never been disciplined in connection with her employment.

34. Tourtellotte, as a nursing mother, had a contractual right to use of Lilly's nursing mother program.

35. When Plaintiff Tourtellotte submitted her expense report pursuant to the nursing mother program, Rowland rejected it, claiming he was unaware of this policy.

36. Plaintiff Tourtellotte subsequently spoke with administrative support in the expense

5

reporting department and requested specific information on the reimbursement policy. With every reimbursement request, Plaintiff Tourtellotte provided Rowland this information on the Nursing Mothers Program.

37. Rowland became angry about her expense reports even though Plaintiff Tourtellotte was not asking for anything outside of Defendant Company's policy. Plaintiff provided Rowland with information on the policies and gave him names of people to contact, but Rowland disregarded the information.

38. Eventually, Plaintiff Tourtellotte's corporate credit card exceeded its limits because Rowland would not approve expense reports and payments were late.

39. In January 2007, Plaintiff Tourtellotte told Rowland that she would need to take some vacation days because her childcare arrangements had suddenly fallen through. Rowland told her to find out about flex time, in which employees can work ten (10) hour days four (4) days per week. Accordingly, Plaintiff contacted Human Resources about flex time.

40. Later Rowland told Plaintiff Tourtellotte that a member of Human Resources said "one of [his] employees is asking about Flex Time" and "[he doesn't] support this in [his] district".

41. Rowland told Plaintiff Tourtellotte that her inquiries to HR about flex time were sending out the wrong signal. Plaintiff Tourtellotte asked Rowland for advice on alternate child care, and he replied that he and his wife always took advantage of corporate America so the other could spend more time at home with their children.

42. Plaintiffs Tourtellotte and Kover encountered difficulties and resistance from Defendant Rowland regarding Lilly benefits associated with maternity leave, nursing mothers and child care upon return from maternity leave.

43. Rowland challenged the propriety of Plaintiff Tourtellotte's sick leave, and harassed her while she was out caring for her son. He called her at home and demanded she submit work to the office. She was forced to work in the time that she should have been caring for her child.

44. On February 19, 2007, Plaintiff Tourtellotte had a meeting with Rowland. At the meeting, he said that he was going to "flush some people out" and that "people on the cusp may get pushed over the edge".

45. In March 2007, Plaintiff Tourtellotte needed to take sick time in order to care for her sick child.

46. Defendant Lilly allows an additional 8 days of sick time for illness in the immediate family.

47. On May 3, 2007, Rowland accompanied Plaintiff Tourtellotte on a day in the field.

48. Rowland chastised Plaintiff Tourtellotte on May 3, 2007 for failing to use the pre-call templates. Plaintiff Tourtellotte was unaware of such a procedure. Rowland did not provide the necessary templates until weeks after this meeting. Rowland did not send the templates to Plaintiff Tourtellotte's male partner.

49. On May 3, 2007, Rowland asked Plaintiff Tourtellotte to think about whether she wanted this job and get back to him after she speaks to her husband. Plaintiff Tourtellotte was offended and told Rowland that she did not need her husband to make that decision, that she would of course stay at the job. Rowland told her to think about it anyway, to not go back into the field that day, and to call him Monday morning at 8:30 a.m. with her decision.

50. Plaintiff Tourtellotte reported Rowland's behavior to Human Resources. On May 4,

7

      2007, she spoke to Julia Dunlap and Matt Morgan in Human Resources. She requested a Human Resources representative be copied on all correspondence or voice mails between her and Rowland that she be evaluated by a different area trainer and that Human Resources representatives be present at meetings with Rowland until he was rehabilitated.

51. Morgan told her the company could not honor her request because it was too time-consuming.

52. Defendant Lilly has been notified by a number of its female employees of similar misconduct.

53. As a result of Defendants' Lilly and Rowland's discrimination and retaliation, Plaintiff Tourtellotte was forced to go on medical leave beginning in the Summer of 2007, due the mental and physical distress that threatened her health and job performance.

54. While on sick leave, Plaintiff Tourtellotte's physician informed her that she would return to work with the restriction that she have no contact with Timothy Rowland.

55. Plaintiff Tourtellotte notified Defendant of this restriction and sought an accommodation to continue working at Defendant Lilly without contact with Timothy Rowland.

56. Defendant Lilly refused to accommodate Plaintiff Tourtellotte and insisted that if she worked in this geographic area, then she would have contact with Rowland.

57. Defendants have created a hostile work environment and discriminated against Plaintiff Tourtellotte due to her sex.

58. Defendant Lilly fired Plaintiff Tourtellotte on January 8, 2008.

## FACTS AS TO PLAINTIFF KRIEGER

59. Plaintiff Krieger incorporates the preceding paragraphs of this Complaint as if same were

set forth herein at length.

60. Plaintiff Krieger is a 52-year-old female.

61. Plaintiff Krieger is a senior account manager for Lilly.

62. Plaintiff Krieger began working for Defendants as a senior account manager in May 2005.

63. From May 2005 until January 2007, Plaintiff Krieger received good performance reviews and corresponding bonuses.

64. Throughout the course of her employment with Defendants, Plaintiff Krieger has always performed her job at least satisfactorily, and has never been disciplined in connection with her employment.

65. In January 2007, Plaintiff Krieger's supervisor was replaced by Timothy Rowland.

66. Rowland soon began making comments about Plaintiff Krieger's race, sex and inability to do her job.

67. When Plaintiff first met Rowland, he told her "I always love women. I know women, I know all about them".

68. The first time Plaintiff Krieger met her new supervisor, Tim Rowland, he told her "the first time I met a black person was when I was 18".

69. Other racially insensitive remarks that Rowland made included "He is the smartest black man I know" and "you know that black people do not speak fast".

70. When Plaintiff Krieger was speaking at a meeting, Rowland interrupted her and said "speak in English". Plaintiff is a native English speaker and has no accent.

71. Plaintiff Krieger has observed Rowland treat her male co-workers, including her partner, Peter Puleo, more professionally, and give them less criticism.

72. On January 19, 2007, Rowland gave Plaintiff Krieger a poor evaluation.

73. At the time of the poor evaluation, Rowland had not had an opportunity to review her work performance at all.

74. At the time of the poor evaluation, Rowland did not give Plaintiff Krieger the written performance review that Defendant requires, instead telling her that she lacked a "sense of urgency," and that her performance was not that of a senior account manager.

75. Rowland threatened to return Plaintiff Krieger to Primary Care positions, which are entry level sales positions.

76. Rowland told Plaintiff Krieger that she would only be receiving a 3.5% raise because her partner (male) told him she deserved it. Rowland added that she would not receive this increase next year if her job performance stayed the same as last year. He told her that her job was in jeopardy.

77. Contrary to Rowland's assertions, during the previous year, Plaintiff Krieger's market share rose from 33% to 99% of objective.

78. Plaintiff Krieger made complaints to Defendant's EEO Officer about Rowland's discriminatory treatment.

79. Plaintiff Krieger has suffered severe emotional distress and physical injury as a result of Defendant's conduct.

80. Plaintiff Krieger has suffered economic harm as a result of Defendant's conduct.

## FACTS AS TO PLAINTIFF HISER

81. Plaintiff Hiser incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

82. Plaintiff Hiser is a 26-year-old female.

10

83. Plaintiff Hiser is a former sales representative of Defendant.

84. Plaintiff Hiser began working for Defendant as a sales representative in February 2006.

85. In or about January 2007, Plaintiff Hiser's supervisor was replaced by Timothy Rowland.

86. Rowland made degrading remarks regarding Plaintiff Hiser's sex, including several comments about her "pretty face", and that the doctors need to see past her pretty face and not just think of her as pretty.

87. At the meeting in January 2007 where she first met Rowland, he told Plaintiff Hiser that he heard from other people on the team that she was negative and unapproachable.

88. Rowland often questioned her competence and intelligence inappropriately. On one occasion, he asked her if she had a brain in her head. He also told her to get a self-help book to determine if this is the right job for her.

89. When Rowland learned that Plaintiff Hiser was studying for an MBA, he told her she should set her sights on something else.

90. During a team meeting in April 2007, Rowland imitated the lisp of a stereotyped homosexual, and said, "let's get the pretty girls to pick something out", in reference to Plaintiff and another female employee.

91. Rowland persisted in calling Plaintiff Hiser "honey" after she asked him to stop.

92. During a work meeting at which two nursing mothers were present, Rowland made an inappropriate comment about breast-feeding.

93. On May 14, 2007, Plaintiff Hiser received a zero in her competency rating while her male partner received a higher score.

94. Because partners work closely together on the same accounts, their ratings are usually very similar, if not identical.

95. Shortly after giving her a low competency evaluation, Rowland began accompanying Plaintiff on more of her sales visits. This caused her to develop severe tension headaches.

96. On June 20, 2007, Plaintiff Hiser was forced to take disability leave due to the job related stress and tension headaches.

97. On the advice of her doctor, Plaintiff Hiser sought other employment and resigned from Lilly, resulting in a diminution of earnings and earning potential and other economic loss.

98. Plaintiff Hiser was constructively discharged by Defendants.

99. Plaintiff Hiser has suffered severe emotional distress and physical injury as a result of Defendant's conduct.

100. Plaintiff Hiser has suffered economic harm as a result of Defendant's conduct.

## FACTS AS TO PLAINTIFF REYES

101. Plaintiff Reyes incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

102. Plaintiff Reyes is a 48-year-old female, originally from the Dominican Republic.

103. Plaintiff Reyes was a Treatment Specialist, a kind of senior account representative for Defendant Lilly.

104. Plaintiff Reyes began working for Defendant Lilly in 2004.

105. From 2004 to 2005, Plaintiff Reyes reported to Elvis Rivera, District Sales Manager. She received excellent reviews, and was rated as going above and beyond her job description.

106. In 2006, her supervisor became Chris Hudson. During this time, her evaluations were all satisfactory.

107. In January 2007, Chris Hudson was replaced by Tim Rowland.

12