108.   At her first meeting with Defendant Tim Rowland, Defendant Rowland told her that he grew up with women and understood women. He cried while relaying this to Plaintiff Reyes.

109.   During her first account meeting with Rowland present, a physician asked Plaintiff Reyes about an off-label use of a psychiatric drug on children. Plaintiff Reyes told the doctor that she was unsure of the answer, but would send her a letter to follow up. The doctor said that was fine. Afterward, Defendant Rowland criticized Plaintiff Reyes for not remembering to thank the doctor for coming up with new ways to use the product.

110.   In February 2007, Plaintiff Reyes met with Defendant Rowland for a scheduled pay increase meeting. Defendant Rowland told her she would only receive a 1% increase. Plaintiff Reyes asked why she was only getting a 1% increase when customers always liked her. Defendant Rowland said, "I know, but this job is not a right fit for you".

111.   Plaintiff Reyes then asked Defendant Rowland what she could do to improve, and that he was her coach. Defendant Rowland answered, "Coaching you is like coaching my son to be a famous basketball player. My son is very motivated, he always practices, but he'll never get there". He added, "I see this poor Hispanic woman and you remind me exactly of a friend who didn't fit that I helped. This is not your position, try to find somewhere else".

112.   At the time of the above conversation, Defendant Rowland had observed Plaintiff Reyes' job performance only once.

113.   After this meeting, Plaintiff Reyes asked Defendant Rowland for a mentor to help her improve. Defendant Rowland did not give her one but gave one to her partner, a white male.

13

114.   Additionally, Defendant Rowland did not ride along with Reyes' partner on sales visits
       until the end of March, but continued to accompany Plaintiff Reyes throughout January,
       February and March, 2007.

115.   Defendant Rowland made degrading remarks in regard to Plaintiff Reyes' race and/or
       national origin, including speaking in a mock Hispanic accent.

116.   Lilly's Neuroscience Director for the U.S. and Puerto Rico has a  Hispanic accent.
       Whenever he spoke at meetings, Defendant Rowland would plug his ears and make
       comments such as "when is this guy going to stop talking?".  He also made derogatory
       comments about his accent.

117.   During a team meeting in April 2007, Defendant Rowland imitated the lisp of a
       stereotyped homosexual, and said, "let's get the pretty girls to pick something out", in
       reference to his female employees.

118.   Defendant Rowland caused Plaintiff Reyes extreme stress.  She experienced nightmares
       about losing her job, and would start crying during the day.  She noticed a decrease in her
       motivation and energy levels, and her clients also detected a change in her.

119.   Plaintiff Reyes requested that Defendant Lilly prevent Defendant Rowland from having
       further contact with her.

120.   Defendant Lilly refused Plaintiff Reyes' request for accommodation.

121.   On May 21, 2007 Plaintiff was forced to take disability leave due to the job related stress
       and anxiety.  She was institutionalized for severe depression.

122.   Defendant Lilly demanded that Plaintiff Reyes return to work while her doctor advised
       against further contact with Rowland.

123.   As a result of Plaintiff Reyes' refusal to continue working with Rowland, Lilly fired

14

Reyes.

124.  Plaintiff Reyes has suffered severe emotional distress and physical injury as a result of

Defendant's conduct.

125.  Plaintiff Reyes has suffered economic harm as a result of Defendant's conduct.

## FACTS AS TO PLAINTIFF KOVER

126.  Plaintiff Kover incorporates the preceding paragraphs of this Complaint as if same were

set forth herein at length.

127.  Plaintiff Kover worked for Lilly for nine years.  Her performance merited satisfactory or

better evaluations, bonuses and raises on all occasions.

128.  At the time of her termination from Lilly on July 31, 2007, Plaintiff Kover was an

Executive Representative.

129.  Rowland treated Plaintiff Kover differently than his male employees.

130.  Plaintiff Kover observed Rowland and a junior sales representative, Denise Reese,

engaging in improper sexual explicit conduct while at a Lilly function.

131.  Soon after that, Rowland performed a mid-year review of Plaintiff Kover at which he

was critical of her and told her to model herself and her conduct after Denise Reese, a

junior representative whom Plaintiff Kover helped train.

132.  Rowland threatened to change Plaintiff Kover's working conditions.

133.  As a result of the conduct described above, Plaintiff Kover resigned from Lilly and

accepted a job for less money, with less opportunity.

134.  Plaintiff Kover was constructively discharged.

135.  As part of an exit interview, Plaintiff Kover informed Lilly of Rowland's behavior and

told them that he was the reason she was leaving.

15

136. Plaintiff Kover has suffered severe emotional distress and physical injury as a result of Defendant's conduct.

137. Plaintiff Kover has suffered economic harm as a result of Defendant's conduct.

### COUNT I
### TOURTELLOTTE V ELI LILLY AND COMPANY AND ROWLAND
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION,
### N.J.S.A. 10:5, *et seq.* -SEXUAL DISCRIMINATION

138. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

139. Defendants have discriminated against Plaintiff on account of her gender in violation of N.J.S.A. 10:5, et seq.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company and Defendant Timothy Rowland for compensation for lost wages (back pay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

### COUNT II
### TOURTELLOTTE V. ELI LILLY AND COMPANY AND ROWLAND
### NJLAD

140. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

141. The actions of Defendants caused Plaintiff to work ina sexually hostile work environment in violation of NJSA 10:5, et seq.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company and Defendant Timothy Rowland for compensation for lost wages (back pay, front pay and

16

benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT III
### TOURTELLOTTE V. ELI LILLY AND COMPANY AND ROWLAND
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5, *et seq.* - DISABILITY

142.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

143.   Defendant has discriminated against Plaintiff on the basis of disability and for perceived disability, specifically as a nursing mother and care giver to a sick child.

144.   The actions of Defendant violate the New Jersey Law Against Discrimination, 10:5, *et seq.*

145.   As a direct and proximate result of Defendant's actions, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, emotional distress, inconvenience, loss of pleasure and enjoyment of life, lost wages, and lost wage earning capacity.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company, and for compensation for lost wages (back pay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT IV
### TOURTELLOTTE V ELI LILLY AND COMPANY AND ROWLAND
### DISABILITY - FAILURE TO ACCOMMODATE

146.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

17

forth herein at length.

147.   Plaintiff suffers from a psychiatric condition and handicap as a result of the harassment she received from Timothy Rowland.

148.   Plaintiff made a request for a reasonable accommodation which was denied by Defendant Lilly.

149.   Defendant Lilly's denial of Plaintiff's accommodation violates NJLAD.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company, and for compensation for lost wages (back pay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT V
## TOURTELLOTTE V ELI LILLY AND COMPANY AND ROWLAND
## RETALIATION

150.   Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

151.   Defendants' actions constitute illegal retaliation against Plaintiff in violation of NJLAD.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company and for compensation for lost wages (backpay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT VI
## TOURTELLOTTE V ELI LILLY AND COMPANY
## BREACH OF CONTRACT

18

152.   Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

153.   Defendant Lilly's written policies and customs permit employees certain benefits and accommodations.

154.   Defendants denied Plaintiff the use of those benefits and policies in breach of her contract with Lilly.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company and for compensation for lost wages (backpay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT VII
## KRIEGER V ELI LILLY AND COMPANY AND ROWLAND
## VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION,
## N.J.S.A. 10:5, *et seq.* -SEXUAL DISCRIMINATION

155.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

156.   Defendants have discriminated against Plaintiff on account of her gender in violation of N.J.S.A. 10:5, <u>et seq</u>.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company and Defendant Timothy Rowland for compensation for lost wages (back pay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT VIII
## KRIEGER V. ELI LILLY AND COMPANY AND ROWLAND

19

**NJLAD**

157.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

158.   The actions of Defendants caused Plaintiff to work in a sexually hostile work environment

in violation of NJSA 10:5, et seq.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company

and Defendant Timothy Rowland for compensation for lost wages (back pay, front pay and

benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past

and future economic loss, together with attorneys fees, costs, punitive damages, and any other

relief as the Court may deem proper.

### COUNT IX
### KRIEGER V. ELI LILLY AND COMPANY AND ROWLAND
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5, *et seq.* - DISABILITY

159.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

160.   Defendant has discriminated against Plaintiff on the basis of disability and for perceived

disability, specifically as a nursing mother and care giver to a sick child.

161.   The actions of Defendant violate the New Jersey Law Against Discrimination, 10:5,

*et seq.*

162.   As a direct and proximate result of Defendant's actions, Plaintiff has, and will in the

future, suffer pain, emotional distress, humiliation, embarrassment, emotional distress,

inconvenience, loss of pleasure and enjoyment of life, lost wages, and lost wage earning

capacity.

20

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company, and for compensation for lost wages (back pay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT X
### KRIEGER V ELI LILLY AND COMPANY AND ROWLAND
### DISABILITY - FAILURE TO ACCOMMODATE

163.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

164.   Plaintiff suffers from a psychiatric condition and handicap as a result of the harassment she received from Timothy Rowland.

165.   Plaintiff made a request for a reasonable accommodation which was denied by Defendant Lilly.

166.   Defendant Lilly's denial of Plaintiff's accommodation violates NJLAD.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company, and for compensation for lost wages (back pay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT XI
### KRIEGER V. ELI LILLY AND COMPANY AND ROWLAND
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5, *et seq.* - RACE

167.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

21

168.    The actions of Defendant violate the New Jersey Law Against Discrimination - Racial

Discrimination, 10:5, *et seq.*

169.    As a direct and proximate result of Defendant's actions, Plaintiff has, and will in the

future, suffer pain, emotional distress, humiliation, embarrassment, emotional distress,

inconvenience, loss of pleasure and enjoyment of life, lost wages, and lost wage earning

capacity.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company,

and compensatory damages for pain, suffering, embarrassment, emotional distress, past

and future economic loss, together with attorneys fees, costs, punitive damages, and any

other relief as the Court may deem proper.

## COUNT XII
## KRIEGER V. ELI LILLY AND COMPANY AND ROWLAND
## NJLAD - HOSTILE WORK ENVIRONMENT

170.    Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

171.    The actions of Defendants have created a racially hostile work environment in violation

of N.J.S.A. 10:5, *et seq.*

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts,

policies, practices and procedures complained of herein have violated and

continue to violate the rights of Plaintiff as secured by federal and state legislative

enactments and the common law, public policy and the United States and

Pennsylvania Constitutions.

b.      Enjoin Defendant from harassment or any other retaliatory action toward women

22

in the future;

c.      Award Plaintiff compensatory damages including but not limited to pain,

        suffering, past economic loss, future economic loss, back pay, front pay, loss of

        life's pleasures, loss of reputation, loss of benefits and other damages;

d.      Award reasonable costs and attorney's fees;

e.      Award punitive damages, and;

f.      Grant any other relief this Court deems just and proper under the circumstances.

## COUNT XIII
## KRIEGER V. ELI LILLY AND COMPANY AND ROWLAND
## VIOLATION OF 42 U.S.C. § 1981

172.    Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

        forth herein at length.

173.    Defendant violated the 42 U.S.C. § 1981 in that Plaintiff has been discriminated against

        on account of her race - African-American and have created a racially hostile work

        environment.

        WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts,

        policies, practices and procedures complained of herein have violated and

        continue to violate the rights of Plaintiff as secured by federal and state legislative

        enactments and the common law, public policy and the United States and

        Pennsylvania Constitutions.

b.      Enjoin Defendant from harassment or any other retaliatory action toward women

        in the future;

23

433 6610          Eli Lilly                                          03 01 31 p m   02 02 2009   27 /39

c.    Award Plaintiff compensatory damages including but not limited to pain,

suffering, past economic loss, future economic loss, back pay, front pay, loss of

life's pleasures, loss of reputation, loss of benefits and other damages;

d.    Award reasonable costs and attorney's fees;

e.    Award punitive damages, and;

f.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT XIV
## KRIEGER V. LILLY
## TITLE VII - SEX DISCRIMINATION

174.  Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

175.  Defendants have discriminated against Plaintiff on account of her sex.

176.  Defendants' actions violate 42 USC § 2000(e) et seq.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company,

and compensatory damages for pain, suffering, embarrassment, emotional distress, past

and future economic loss, together with attorneys fees, costs, punitive damages, and any

other relief as the Court may deem proper.

## COUNT XV
## KRIEGER V. LILLY
## TITLE VII - SEXUALLY HOSTILE WORK ENVIRONMENT

177.  Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

178.  Defendants' actions have created a sexually hostile work environment.

179.  Defendants' actions violate 42 USC § 2000(e) et seq.

24

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.    Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and Pennsylvania Constitutions.

b.    Enjoin Defendant from harassment or any other retaliatory action toward women in the future;

c.    Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d.    Award reasonable costs and attorney's fees;

e.    Award punitive damages, and;

f.    Grant any other relief this Court deems just and proper under the circumstances.

**COUNT XVI**
**KRIEGER V ELI LILLY AND COMPANY**
**BREACH OF CONTRACT**

180.   Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

181.   Defendant Lilly's written policies and customs permit employees certain benefits and accommodations.

182.   Defendants denied Plaintiff the use of those benefits and policies in breach of her contract with Lilly.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company

25

and for compensation for lost wages (backpay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT XVII
### PLAINTIFF KRIEGER V ELI LILLY AND COMPANY AND ROWLAND RETALIATION UNDER NJLAD

183.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

184.    Defendants' actions constitute illegal retaliation against Plaintiff in violation of NJLAD.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company and for compensation for lost wages (backpay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT XVIII
### PLAINTIFF KRIEGER V. ELI LILLY AND COMPANY RETALIATION - TITLE VII

185.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if same were set forth herein at length.

186.    Defendants' actions constitute illegal retaliation in violation of 42 USC § 2000(e).

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company and for compensation for lost wages (backpay, front pay and benefits), compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT XIX
### PLAINTIFF HISER V. ELI LILLY AND COMPANY

26

**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT - SEX**

187.   Plaintiff incorporates by the reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 19 above.

188.   Defendant violated the Pennsylvania Human Relations Act, 43 P.S. § 954 *et seq.* in that Plaintiff has been discriminated against on account of her sex.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company, and compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

### COUNT XX
### HISER V. ELI LILLY AND COMPANY
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT - HOSTILE WORK ENVIRONMENT

189.   Plaintiff incorporates by the reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 19 above.

190.   Defendant has violated the Pennsylvania Human Relations Act, 43 P.S. § 954 *et seq.* by creating a sexually hostile work environment.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company, and compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

### COUNT XXI
### PLAINTIFF HISER V. ELI LILLY
### TITLE VII - SEX DISCRIMINATION

27

191.  Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

192.  Defendants' actions violate 42 USC § 2000(e) et seq.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.  Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and Pennsylvania Constitutions.

b.  Enjoin Defendant from harassment or any other retaliatory action toward women in the future;

c.  Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d.  Award reasonable costs and attorney's fees;

e.  Award punitive damages, and;

f.  Grant any other relief this Court deems just and proper under the circumstances.

## COUNT XXII
## HISER V. LILLY
### TITLE VII - SEXUALLY HOSTILE WORK ENVIRONMENT

193.  Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

194.  Defendants' actions violate 42 USC § 2000(e) et seq.

28

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company, and compensatory damages for pain, suffering, embarrassment, emotional distress, past and future economic loss, together with attorneys fees, costs, punitive damages, and any other relief as the Court may deem proper.

## COUNT XXIII
### PLAINTIFF REYES V. ELI LILLY AND COMPANY
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT - SEX

195.   Plaintiff incorporates by the reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 19 above.

196.   Defendant violated the Pennsylvania Human Relations Act, 43 P.S. § 954 *et seq.* in that Plaintiff has been discriminated against on account of her sex.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.   Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and Pennsylvania Constitutions.

b.   Enjoin Defendant from harassment or any other retaliatory action toward women in the future;

c.   Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d.   Award reasonable costs and attorney's fees;

29

e.      Award punitive damages, and;

f.      Grant any other relief this Court deems just and proper under the circumstances.

## COUNT XXIV
### PLAINTIFF REYES V. ELI LILLY AND COMPANY
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT - HOSTILE WORK ENVIRONMENT

197.    Plaintiff incorporates by the reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 19 above.

198.    Defendant has violated the Pennsylvania Human Relations Act, 43 P.S. § 954 *et seq.* by creating a sexually hostile work environment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and Pennsylvania Constitutions.

b.      Enjoin Defendant from harassment or any other retaliatory action toward women in the future;

c.      Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d.      Award reasonable costs and attorney's fees;

e.      Award punitive damages, and;

f.      Grant any other relief this Court deems just and proper under the circumstances.

30

## COUNT XXV
## PLAINTIFF REYES V. ELI LILLY
### TITLE VII - SEX DISCRIMINATION

199.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

200.   Defendants' actions violate 42 USC § 2000(e) et seq.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.   Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts,

policies, practices and procedures complained of herein have violated and

continue to violate the rights of Plaintiff as secured by federal and state legislative

enactments and the common law, public policy and the United States and

Pennsylvania Constitutions.

b.   Enjoin Defendant from harassment or any other retaliatory action toward women

in the future;

c.   Award Plaintiff compensatory damages including but not limited to pain,

suffering, past economic loss, future economic loss, back pay, front pay, loss of

life's pleasures, loss of reputation, loss of benefits and other damages;

d.   Award reasonable costs and attorney's fees;

e.   Award punitive damages, and;

f.   Grant any other relief this Court deems just and proper under the circumstances.

### COUNT XXVI
### PLAINTIFF REYES V. ELI LILLY AND COMPANY
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT - DISABILITY

201.   Plaintiff incorporates by the reference herein as though recited verbatim at length the

31

433 6610          Eli Lilly                                    03 03 03 p m     02 02 2009       35 /39

allegations contained in paragraphs 1 through 19 above.

202. Defendant violated the Pennsylvania Human Relations Act, 43 P.S. § 954 *et seq.* in that Plaintiff has been discriminated against on account of her disability.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.   Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and Pennsylvania Constitutions.

b.   Enjoin Defendant from harassment or any other retaliatory action toward women in the future;

c.   Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d.   Award reasonable costs and attorney's fees;

e.   Award punitive damages, and;

f.   Grant any other relief this Court deems just and proper under the circumstances.

### COUNT XXVII
### REYES V. ELI LILLY AND COMPANY
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT - RACE

203. Plaintiff incorporates by the reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 21 above.

204. Defendant violated the Pennsylvania Human Relations Act, 43 P.S. § 954 *et seq.* in that

32

Plaintiff has been discriminated against on account of her sex.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and Pennsylvania Constitutions.

b.      Enjoin Defendant from harassment or any other retaliatory action toward women in the future;

c.      Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d.      Award reasonable costs and attorney's fees;

e.      Award punitive damages, and;

f.      Grant any other relief this Court deems just and proper under the circumstances.

## COUNT XXVIII
## REYES V. ELI LILLY AND COMPANY
## VIOLATION OF 42 U.S.C. § 1981

205.    Plaintiffs incorporate by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

206.    The actions of Defendants aforesaid violate 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's discriminatory and retaliatory acts,

33

policies, practices and procedures complained of herein have violated and

continue to violate the rights of Plaintiff as secured by federal and state legislative

enactments and the common law, public policy and the United States and

Pennsylvania Constitutions.

b.      Enjoin Defendant from harassment or any other retaliatory action toward women

in the future;

c.      Award Plaintiff compensatory damages including but not limited to pain,

suffering, past economic loss, future economic loss, back pay, front pay, loss of

life's pleasures, loss of reputation, loss of benefits and other damages;

d.      Award reasonable costs and attorney's fees;

e.      Award punitive damages, and;

f.      Grant any other relief this Court deems just and proper under the circumstances.

### COUNT XXIX
### PLAINTIFF KOVER V ELI LILLY AND COMPANY AND ROWLAND
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION,
### N.J.S.A. 10:5, *et seq.* -SEXUAL DISCRIMINATION

207.    Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

208.    Defendants have discriminated against Plaintiff on account of her gender in violation of

N.J.S.A. 10:5, et seq.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company

and Defendant Timothy Rowland for compensation for lost wages (back pay, front pay

and benefits), compensatory damages for pain, suffering, embarrassment, emotional

distress, past and future economic loss, together with attorneys fees, costs, punitive

damages, and any other relief as the Court may deem proper.

## COUNT XXX
## PLAINTIFF KOVER V. ELI LILLY AND COMPANY AND ROWLAND
## NJLAD

209.   Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set

forth herein at length.

210.   The actions of Defendants caused Plaintiff to work ina sexually hostile work environment

in violation of NJSA 10:5, et seq.

WHEREFORE, Plaintiff demands judgment against Defendant Eli Lilly and Company

and Defendant Timothy Rowland for compensation for lost wages (back pay, front pay

and benefits), compensatory damages for pain, suffering, embarrassment, emotional

distress, past and future economic loss, together with attorneys fees, costs, punitive

damages, and any other relief as the Court may deem proper.


Respectfully submitted,
FROST & ZEFF
Attorneys for Plaintiff


BY:   _____
       GREGG L. ZEFF, ESQUIRE


DATED: 12/18/08

35

## VERIFICATION

The averments of fact contained in the foregoing Defendants' Application for Determination of Finality of the Order Granting Plaintiff's Motion for Sanctions, are true based upon the signer's personal knowledge or information and belief.

This verification is made subject to the penalties of 18 PA C.S. Section 4940, relating to unsworn falsification to authorities.

FROST & ZEFF

GREGG L. ZEFF, ESQUIRE
ATTORNEY FOR PLAINTIFFS
Pier 5 at Penn's Landing, 2nd Floor
7 North Columbus Boulevard
Philadelphia, PA 19106
(215) 351-3333

36