**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGARET TOURTELLOTTE, et al. | : | |
| *Plaintiff,* | : | |
| | : | DOCKET NO. 09-cv-0774 |
| v. | : | |
| ELI LILLY AND COMPANY, et al. | : | Civil Action |
| *Defendants.* | : | |

**ORDER**

And now, this day of , 2011, upon consideration of Defendant Tim Rowland's Motion for Summary Judgment as to the claims of Plaintiffs Karla Krieger and Margaret Tourtellotte and Plaintiffs' Response to said Motions it is hereby ORDERED that said Motions are DENIED.

______________________________ J.

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire
Drake P. Bearden, Jr., Esquire
100 Century Parkway, Suite 305
Mt. Laurel, NJ 08054
(856) 778-9700
gzeff@glzefflaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGARET TOURTELLOTTE, et al. | : | |
| *Plaintiff,* | : | |
| | : | DOCKET NO. 09-cv-0774 |
| v. | : | |
| ELI LILLY AND COMPANY, et al. | : | Civil Action |
| *Defendants.* | : | |

**PLAINTIFFS KARLA KRIEGER AND MARGARET TOURTELLOTE'S RESPONSE TO DEFENDANT TIM ROWLAND'S**
**<u>RENEWED MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs Karla Krieger and Margaret Tourtellotte ("Plaintiffs") file this Response in opposition to Defendant Tim Rowland's ("Defendant") Motions for Summary Judgment as to the claims of Plaintiffs. The basis for Plaintiffs' opposition is set forth in the accompanying memorandum of law and supporting evidence.

ZEFF LAW FIRM LLC

GLZ 1868
Gregg L. Zeff, Esquire

Dated: March 8, 2011

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire
Drake P. Bearden, Jr., Esquire
100 Century Parkway, Suite 305
Mt. Laurel, NJ 08054
(856) 778-9700
gzeff@glzefflaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARGARET TOURTELLOTTE, et al. | : | |
| *Plaintiff,* | : | DOCKET NO. 09-cv-0774 |
| v. | : | |
| ELI LILLY AND COMPANY, et al. | : | Civil Action |
| *Defendants.* | : | |

**PLAINTIFFS MARGARET TOURTELLOTTE AND KARLA KRIEGER'S JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO THE DEFENDANT TIMOTHY ROWLAND'S FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF PLAINTIFFS MARGARET TOURTELLOTTE AND KARLA KRIEGER**

## I. INTRODUCTION

This Memorandum of law in support of Response to Defendant Timothy Rowland's("Rowland") Motions for Summary Judgment as to the claims of Plaintiffs Margaret Tourtellotte and Karla Krieger ("Plaintiffs"). Plaintiffs' claims against Rowland consist of New Jersey Law Against Discrimination claims for discrimination, hostile work environment and, retaliation as an aider and abettor. Both Plaintiffs' claim sex and gender violations. Krieger also has race related claims.

These claims arise out of the blatant and continuous sexual and racial harassment and

discrimination that over half-a-dozen other females employees at Lilly suffered from at the hands of their District Manager Tim Rowland and Defendant Lilly. Plaintiffs have fully briefed the facts and law that give rise to liability in their Responses to Defendant Lilly's Motions for Summary Judgement which are incorporated herein by reference. The issues related specifically to Rowland as an individual defendant shall be addressed in this Memorandum.

## II. STATEMENT OF THE FACTS

The facts in this matter have been laid out in great length in Plaintiffs Responses to Defendant Lilly's Motion for Summary Judgement. For the purposes of judicial economy, the Plaintiffs adopt those facts, and will refrain from listing the facts of this matter in great detail.[1]

## III. ARGUMENT

### A. Standard of Review

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Huston v. Procter & Gamble Paper Products Corp., 568 F.3d 100, 104 (3d Cir. 2009). The court must draw all reasonable inferences from the record in favor of, the non-moving party. Id. Only where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party is there no genuine issue for trial. Id.

### B. Rowland aided and abetted the discriminatory conduct of Lilly.

Liability against Rowland, under New Jersey law, is not premised upon his direct

[1] Because the Defendants and Plaintiffs in this matter have filed numerous Motions and Renewed Motion and Responses and included in all of those Motions voluminous exhibits, for the purposes of judicial economy the Plaintiffs will not attach the exhibits referenced in this Response. However, if this Court of the Defendants would require that the Plaintiffs provide any exhibits, the Plaintiffs have no objection to doing so.

actions against the Plaintiff; rather, Rowland may be liable for "emboldening" others to discriminate. In Ivan v. County of Middlesex, 612 F. Supp. 2d 546 (D.N.J. 2009), the New Jersey District Court held that supervisors are liable for aiding and abetting if they are willful in failing to act to remedy New Jersey Law Against Discrimination ("LAD") violations. In Ivan, female sheriff officers complained to their supervisors that their fellow male officers harassed them by making verbal comments. The defendant supervisors "expressed little surprise that harassment had occurred and offered no remedy in response." Id. at 554. In denying the defendants' motion for reconsideration of the denial of their motion for summary judgment, the court stated that a reasonable juror could infer that the supervisors aided violations of the LAD by willfully failing to respond and punish the LAD violators. Id. at 555. Each defendant was "generally aware of his role as part of the" LAD violations at the time the assistance occurred and engaged in "active and purposeful conduct" that knowingly and substantially assisted the LAD violations. The court opined, "If the aiding and abetting prohibition is to have any effect at all it must prohibit such willful indifference to violations of the LAD. That aiding and abetting liability can only be applied to supervisors, and not to co-employees, see Tyson v. CIGNA Corp., 918 F.Supp. 836, 839-40, (fn4) (D.N.J.1996), further confirms that the aiding and abetting provisions are intended to assure that violations of the LAD are appropriately remedied. Ivan, 612 F. Supp. 2d at 554.

Here, Rowland did far more than act as a perpetrator. Rowland stood idly by as others carried out his mission of harassment, discrimination, intimidation and destruction of the careers of anyone who complained about him. Rowland allowed his subordinates to violate NJLAD. He obstructed an investigation into his own violations. Finally, after lying to HR about allegations of harassment made by Krieger and Tourtellotte, he aided HR in deciding to terminate Tourtellotte for failing to return to work for him, knowing that her allegations against him were

true. He also aided his friend and mentor Dan Gold in terminating Krieger.

Rowland awarded Denise Reese the team MVP after she flagrantly violated NJLAD and Lilly policy by having a personal relationship with Rowland, flashing her breasts, sending nude photos of herself to co-workers in Rowland's presence, and sitting on Rowland's lap at functions. Rowland also permitted male co-workers to remove their shirts and drink shots from a bikini clad woman at a team function. By allowing this conduct, he emboldened his employees to violate the LAD.

Then, when Tourtellotte, Krieger and the other Plaintiffs complained about Rowland's violations, he covered up his comments by lying to Lilly's HR department. When questioned by the HR department about his comment regarding suckling on the corporate breast or teat of America, Rowland said that he did not recall making it. (Rowland Dep. Vol. II, 242:2-11.) However, immediately after denying that he made the statement in an HR interview, Rowland told his supervisor, Brian Rafferty that he had made that comment and that he had also used the word "breasts" and some "stupid things". (Id. at 243:25-246:8.) He denied calling Tourtellotte a "pretty redhead Lilly rep," referring to the women as "dolls," "let[ting] the pretty girls go first, "referring to Hiser as "honey." (See Ex. 3 of Rowland Dep. Vol. 1.) Yet under oath he admitted to making these statements. His denials aided HR in concluding that he had not violated NJLAD or company policy. Had he admitted the truth and was appropriately transferred away from the women he was harassing at the very least Plaintiffs Tourtellotte and Krieger would not have been terminated. Instead, both were terminated from Lilly. Tourtellotte was terminated for failing to return to work for Rowland. Krieger was terminated for violating probation imposed by Rowland's friend and mentor.

Rowland aided and abetted Tourtellotte's termination by his lies and inaction. The order of events would allow a reasonable juror to conclude that Tim Rowland was liable for aiding and

abetting. Rowland allowed others to engage in active and purposeful conduct that knowingly and substantially assisted his discrimination by orchestrating her discharge and, because he both committed the original act of discrimination as well as orchestrated the discharge, and was generally aware of his role as part of this violation at the time the assistance occurred.

Similarly in both Krieger and Tourtellotte, Rowland denied that he made comments to HR that were misogynistic and racist which created the impression that Plaintiffs were liars and manipulating the system. When in fact, Rowland actually made the statements and should have been punished. Rowland allowed HR to punish Plaintiffs. Rowland had a duty to remedy the ongoing harassment. Instead, he perpetuated it through the HR department.

In E.E.O.C. v. Foodcrafters Distribution Co., 2006 WL 489718 (D.N.J. 2006), the district court denied defendant's motion for summary judgment because plaintiffs presented a material question of fact as to whether the defendant supervisor substantially assisted and encouraged harassment. In Foodcrafters, the defendant male supervisor not only harassed his female subordinates, but he was also failed to remedy the harassing environment, thus further encouraging violations of LAD. Id. at 8. Like the defendant supervisor in Foodcrafters, Rowland held a supervisory position that imposed on him a duty to address workplace abuses and respond to the Plaintiffs' complaints. Like the supervisor in Foodcrafters, the record suggests that Rowland himself participated in the abusive conduct. Although aider and abetter liability cannot attach for one's own harassing conduct, see Harmon v. Bemis Co., Inc., 2005 WL 1389174, *10 (N.J. Super. Ct. Law Div. 2005) (noting that one "cannot aid and abet his own wrongful conduct"), Rowland's treatment of the female employees could easily have encouraged the harassing in the workplace, establishing that inferior treatment of women is the norm.

Moreover, in Danna v. Truevance Management Inc., 2007 WL 2156361 (D.N.J. 2007) the district court imposed individual liability in a case where the allegations were based solely on

the conduct of a single supervisor. The plaintiff in Danna brought sexual harassment and hostile work environment claims against her employer and her direct supervisor, based solely on the direct supervisor's alleged harassment. Id. at *1. The plaintiff alleged that the supervisor actively harassed her and violated his own duties to prevent such harassment. Id. at *2. The defendant supervisor moved for summary judgment arguing that he "may not be held individually liable because he cannot aid and abet his own allegedly harassing acts." Id. Although the plaintiff sought "relief against Defendant Hancock based on his own harassing conduct" the court, held that this was a viable theory of liability and denied Hancock's motion. The court relied on the Third Circuit's interpretation of "a somewhat awkward theory of liability" under which a supervisor may be found liable for his own harassing acts demonstrated in Hurley v. Atlantic City Police Department, 174 F.3d 95, 126 (3d Cir. 1999), Id. at *3. The Hurley court found that "[a] supervisor, under New Jersey law, has a duty to act against harassment. This duty can be violated by deliberate indifference or affirmatively harassing acts. When a supervisor flouts this duty, he subjects himself and his employer to liability." Id. at *3; (quoting Hurley, 174 F.3d at 126 (citing Taylor v. Metzger, 152 N.J. 490, 503-4 (1998); Judson v. Peoples Bank & Trust Co., 25 N.J. 17 (1957)); see Cardenas v. Massey, 269 F.3d 251, 267 (3d Cir.2001) (reaffirming holding in Hurley); see also Hardgrave v. County of Atl., 262 F.Supp.2d 393, 434 (D.N.J.2003).

Because a reasonable trier of fact could find that Defendant Rowland aided and abetted the discrimination and harassment against Tourtellotte, Krieger and other women at Lilly by other Lilly employees, and aided and abetted his own discrimination and harassment in violation of established New Jersey law, the Defendant's Motion should be dismissed.

## IV. CONCLUSION

For the foregoing reasons the Plaintiff Margaret Tourtellotte respectfully requests this

Court deny Defendant Rowland's Motion for Summary Judgment and enter judgment in favor of the Plaintiff as to all of Tourtellotte and Krieger's Claims.

**ZEFF LAW FIRM, LLC**

By: s/ GLZ 1868

Gregg L. Zeff, Esquire
Drake P. Bearden Jr., Esquire
*Attorneys for Plaintiffs*

Dated: March 8, 2011

**CERTIFIACTE OF SERVICE**

The undersigned hereby certifies a true and correct copy of the foregoing Response was served on March 8, 2011 upon the following counsel of record by electronic discovery via the Court's CM/ECF system:

Ellen E. Boshkoff
Craig M. Borowski
Joseph C. Pettygrove
Baker and Daniels LLP
300 N. Meridian, Suite 2700
Indianapolis, IN 46204
Attorneys for Defendants Eli Lilly and Co.

Dean R. Phillips
Deborah Simon
Elliot Greenleaf
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-1956
Attorneys for Defendant Tim Rowland

Miriam Edelstein
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Attorney for Defendants Eli Lilly and Co.

**ZEFF LAW FIRM, LLC**

By: GLZ1868
*Attorney for Plaintiff*