IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOURTELLOTTE ET AL.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 09-0774** |
| **ELI LILLY AND COMPANY ET AL.,** | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of January, 2012, upon consideration of Defendant Lilly's Third Motion to Compel Discovery (Doc. 118); Plaintiffs' Response to Defendant Lilly's Motion to Compel Expert Discovery (Doc. 122); and Defendant Lilly's Reply in Support of Third Motion to Compel Discovery (Doc. 125), **IT IS HEREBY ORDERED AND DECREED** that Defendant Lilly's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, Plaintiffs shall:

1) Respond fully and completely to Defendant Lilly's Expert Requests;

2) Provide Defendant Lilly with all information required under Fed. R. Civ. P. 26 with respect to their expert designation of Dr. Wolf.[1]

---

[1] Rule 26 of the Federal Rules of Civil Procedure provides that if a party may use an expert witness at trial, the party must provide to the opposing counsel a written report prepared and signed by the witness which must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other case in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." FED. R. CIV. P. 26(a)(2)(B). Although Plaintiffs sent Defendant Lilly an expert report by Dr. Wolf, the report does not contain all of the information called for by Rule 26. Defendant Lilly's document requests are also

**IT IS FURTHER ORDERED** that Plaintiffs shall pay Lilly's reasonable fees and expenses incurred in bringing its Third Motion to Compel. Defendant Lilly shall submit documentation reflecting same within fourteen (14) days of the date of this Order, and Plaintiff's payment thereof will be governed by separate order after the Court's review of Lilly's submission.[2]

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

directly related to the Rule 26 disclosure requirements. Therefore, the Court will grant Defendant Lilly's Motion to Compel.

[2] Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).